May Term,
1857.

McClure
v.
White.

MCCLURE v. WHITE.

In this case the complaint set up a fee simple in land, which the answer denied. Verdict for the plaintiff, upon which the Court of Common Pleas rendered judgment. Motion in arrest of judgment overruled. *Held*, 1. That the title to real estate was in issue, and the Court had no jurisdiction. 2. That the motion should have been sustained.

*Wednesday,
June 3.*

APPEAL from the *Warren* Court of Common Pleas.

DAVISON, J.—This suit originated before a justice of the peace. The complaint is as follows: "*Cornelius V. White* states that he is the owner in fee simple and entitled to the possession of a tract of land, viz., the east half of the north-east quarter of section 28, township 21, range 9 west; that *Enoch McClure* now holds possession of the land without right, and for three months past has unlawfully kept said *White*, the plaintiff, out of possession. Wherefore he demands judgment for the recovery of the land, and 25 dollars damages for being kept out of possession, and for other proper relief. The justice gave judgment for the plaintiff, from which the defendant appealed; and in the Common Pleas, to which the cause was taken by appeal, he answered, 1. That the plaintiff is not entitled to the land in fee simple. 2. That the defendant rented the land of the plaintiff—was to remain in possession thereof until after he, the defendant, had gathered and removed his crop from the premises, &c. There was a reply in denial of the second paragraph.

Upon these issues the case was submitted to a jury, who found that the plaintiff was entitled to the possession of the land described in the complaint; and for being kept out of possession thereof, they assessed his damages at 25 dollars. Motions for a new trial and in arrest were overruled, and judgment rendered on the verdict.

It is enacted that the Circuit Courts, in their respective counties, shall have original exclusive jurisdiction in all cases where the title to real estate is in issue. 2 R. S. p. 6. This provision at once places all such cases without the jurisdiction of a justice of the peace or of the Common

Pleas. Hence, the inquiry arises, is the present a case where the title to real estate is in issue? We have seen that the complaint charges that *White* is the owner in fee simple; to which it is, in effect, answered that he has no title. Here, then, is an issue which, it seems to us, plainly involves the title to the land. The second paragraph of the answer, it is true, alleges that the defendant had rented the premises; but the plaintiff, in his reply, expressly denies the alleged renting, and thereby adheres to the case made by the complaint. It is, therefore, evident that, under the pleadings stated in the record, the title to real estate is in issue, and that the Circuit Court alone had original, exclusive jurisdiction of the cause. The motion in arrest should have been sustained. *Dixon* v. *Hill*, 8 Ind. R. 147.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

*B. F. Gregory* and *J. Harper*, for the appellee.